UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID BRAASCH, et al.,

    Plaintiffs,

v.                                                                          CASE NO. 4:23-cv-00362-AW-MAF

BRIAN LAMB, et al.,

    Defendants.
_____/

## USFBOT DEFENDANTS' MOTION TO DISMISS

Defendants William Weatherford ("Weatherford"), Michael C. Griffin ("Griffin"), Sandra Callahan ("Callahan"), Michael Carrere ("Carrere"), N. Rogan Donelly ("Donelly"), Cesar Esmeraldi ("Esmeraldi"), Oscar Horton ("Horton"), Jenifer Jasinski Schneider ("Schneider"), Lauran Monbarren ("Monbarren"), Shilen Patel ("Patel"), Frederick Piccolo ("Piccolo"), and Melissa Seixas ("Seixas"), in their official capacities as members of the University of South Florida Board of Trustees (collectively, "the USFBOT Defendants"), by and through their undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move to dismiss the Complaint for failure to state claims upon

ACTIVE 690359807v1

which relief can be granted. The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.[1]

# I.

## SUPPORTING MEMORANDUM OF LAW

### A.   Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "provide the grounds of his entitlement to relief," and factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007) (citations and internal punctuation omitted). Mere conclusory statements "are not entitled to the assumption of truth." *See Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Nor do courts need to accept as true a "legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (citations omitted). The conclusory nature of such allegations "disentitles them to the presumption of truth." *Iqbal,* 556 U.S. at 681. Where plaintiffs have "not nudged [their] claims across the line from conceivable to plausible, [their] complaint must be dismissed." *Twombly,* 550 U.S. at 570.

---

[1] The USFBOT Defendants hereby adopt and incorporate by reference all arguments raised by the remaining defendants in their motion to dismiss.

2

## B.     Count I Fails To State A Claim

Count I of the Complaint attempts to assert a claim for unconstitutional impairment of contracts in violation of the Contracts Clause in Article I, § 10 of the United States Constitution. It alleges that, following the Florida Legislature's enactment of Section 1001.741(2), *Florida Statutes,* "[t]he University of South Florida Board of Trustees refused to arbitrate all grievances not in arbitration as of July 1, 2023." [Complaint, ¶ 28].

The Contracts Clause states that "[n]o State shall … pass any … Law impairing the Obligation of Contracts." U.S. Const. Art. I, § 10. The Contracts Clause is "aimed at the legislative power of the state, and not at the decision of its courts, or the acts of administrative or executive boards or officers, or the doings of corporations or individuals." *New Orleans Waterworks Co. v. La. Sugar Ref. Co.,* 125 U.S. 18, 30 (1888). "[T]he Clause is aimed at the legislative power of the state and is directed against legislative action only." *Taylor v. City of Gadsden,* 767 F.3d 1124, 1132 (11th Cir. 2014); *see also Barrows v. Jackson,* 346 U.S. 249, 260 (1953) ("this provision, as its terms indicate, is directed against legislative action only"); *Kahn v. Galletano,* 180 F.3d 829, 832 (7th Cir. 1999) (the Contracts Clause "prohibits only legislative changes that impair contracts").

In *Poirie v. Hodges,* 445 F. Supp 838 (M.D. Fla. 1978), the court dismissed a claim for impairment of contractual obligations in violation of Article I, Section 10

3

of the Constitution. The court stated: "In the present case there is not so much as an intimation that defendants participated in, or contributed to, the enactment of state legislation impairing plaintiff's contractual rights and obligations. The Court, therefore, holds that plaintiff has failed to state a remediable claim under Section 1983 for an alleged violation of the Contracts Clause, Article I, Section 10 of the Constitution." *Id.* at 842. *See also Handi Van v. Broward County*, 2009 U.S. Dist. LEXIS 41864, at *4-5 (S.D. Fla. May 18, 2009) (dismissing a Contracts Clause claim because the complaint alleged that defendants had acted in an administrative capacity rather than in a legislative capacity). [2]

Here, the plaintiffs do not allege that the USFBOT Defendants enacted any legislation that impaired the plaintiffs' contractual rights. Instead, the Complaint merely alleges that "Defendants violated the Individual Plaintiff's contractual rights by laying off the Individual Plaintiffs and refusing to arbitrate the Individual Plaintiffs' grievances before a neutral arbitrator because of the Arbitration." [Complaint, ¶ 7]. Essentially, the USFBOT Defendants are accused of complying with a duly enacted Florida statute. Because the Complaint contains no allegation that the USFBOT Defendants "participated in, or contributed to" the enactment of

---

[2] *See also Futura Development of Puerto Rico Estado Libre Asociado de Puerto Rico,* 276 F. Supp. 228, 241 (D.R. 2003) (dismissing Contract Clause claim challenging the conduct of individuals, rather than a particular legislative action).

4

Section 1001.741(s), *Florida Statutes*, the plaintiffs have failed to state a claim under the Contracts Clause. *Poirie v. Hodges, supra* at 842.

C. <u>**Count II Fails To State A Claim**</u>

Count II of the Complaint attempts to assert a claim for deprivation of property without due process in violation of the Fourteenth Amendment. Count II alleges that enforcement of Section 1001.741(2), *Florida Statutes,* "is an action under color of state law that has deprived Plaintiffs of rights, privileges, or immunities secured by the Constitution and laws of the United States." [Complaint, ¶ 104].

1. <u>**The USFBOT Defendants are not "persons" under Section 1983.**</u>

Section 1983 is the statutory mechanism for enforcing the Fourteenth Amendment. *See Quern v. Jordan*, 440 U.S. 332, 354 (1979) (Brennan, J., concurring in judgment). Therefore, the plaintiffs' Fourteenth Amendment claim is brought under 42 U.S.C. §1983. [Complaint, ¶ 12].

Section 1983 only permits actions against "persons." State officials acting in their official capacities are not "persons" within the meaning of Section 1983. *Will v. S. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are "persons" under Section 1983"). *See also Wells v. Columbus Tech. College,* 510 Fed. Appx. 893, 895 (11th Cir. 2013); *Vanbenthuysen v. State of Florida*, 427 Fed. Appx. 864, 866 (11th Cir. 2011).

The Boards of Trustees of Florida's state universities are "arms of the State of Florida." *Univ. of S. Fla. Bd. of Trustees v. CoMentis,* 861 F.3d 1234, 1237 (11th Cir. 2017); *Crisman v. Fla. Atl. Univ. Bd. of Trustees,* 572 Fed. Appx. 946 (11th Cir. 2014). Therefore, the USFBOT Defendants, as state officials acting in their official capacities are not "persons" subject to suit under Section 1983. For that reason, Count II fails to state a claim and should be dismissed.

### 2. Count II fails to allege that state procedures are inadequate to remedy any alleged procedural deprivation.

In *McKinney v. Pate,* 20 F.3d 1550 (11th Cir. 2014) (*en banc*), the Eleventh Circuit ruled that a Section 1983 procedural due process claim is actionable only when inadequate state procedures exist to remedy an alleged procedural deprivation. When determining the existence of an adequate state remedy, courts look not only to the process "employed by the board, agency or other governmental entity whose action is in question but also [to] the remedial process state courts would provide if asked." *Horton v. Bd. of Cnty. Comm'rs,* 202 F.3d 1297, 1300 (11th Cir. 2000). [3]

Here, the Complaint merely alleges in a conclusory fashion that plaintiffs lack an adequate remedy at law. [Complaint ¶ 84]. *See Ashcroft v. Iqbal,* 129 S. Ct. at

---

[3] An adequate remedy of law does not guarantee a favorable result in the state forum. *See Justice v. United States,* 6 F.3d 1474, 1482 n.16 (11th Cir. 1993); *Winn v. Cook,* 945 F.3d 1253, 1254 (10th Cir. 2019).

1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

A breach of contract action is an adequate state remedy available to the plaintiffs. *See, e.g. Locklear v. Town of Pembroke,* 531 Fed. Appx. 379 (4th Cir. 2013) (affirming dismissal of terminated employee's Fourteenth Amendment due process claim because he had an adequate state remedy in a breach of contract action). In addition, an action for declaratory judgment is an adequate state remedy. *See Walton v. Health Care District,* 862 So. 2d 852, 856-57 (Fla. 4th DCA 2003) (affirming dismissal of federal procedural due process claim because an adequate state remedy of a declaratory judgment action was available).

Here, the plaintiffs have the availability of bringing a declaratory judgment action under Section 86.021, *Florida Statutes*. *See Cohn v. Grand Condo Ass'n.,* 62 So. 3d 1120 (Fla. 2011) (declaratory judgment action, seeking a declaration that statute constituted an unconstitutional impairment of contract); *Sears, Roebuck & Co. v. Forbes/Cohen Fla. Props., L.P.,* 223 So. 3d 292 (Fla. 4th DCA 2017) (same); *City of Hollywood v. Bien,* 209 So. 3d 1 (Fla. 4th DCA 2016) (same).

Finally, actions for mandamus and certiorari are adequate state remedies that are available to the plaintiffs. *See Cotton v. Jackson,* 216 F.3d 1328, 1333 (11th Cir. 2000); *Hussey v. Univ of Fla. Bd. of Trs.,* 226 So. 2d 1081 (Fla. 1st DCA 2017);

*Louis v. Univ. of S. Fla.,* 181 So. 3d 578 (Fla. 2d DCA 2016); *Rivera v. Univ. of S. Fla. St. Petersburg,* 176 So. 3d 563 (Fla. 2d DCA 2015).

The Complaint fails to allege that the plaintiffs took advantage of those state remedies. *See Cotton v. Jackson, supra* at 1331 ("[i]f adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process"). For that reason as well, Count II fails to state a claim and should be dismissed.[4]

## II.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed for failure to state claims upon which relief can be granted.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla McCrea Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL  33602
Telephone:  (813) 318-5700
Facsimile:  (813) 318-5900

---

[4] Count I also should be dismissed because the plaintiffs cannot demonstrate that they are without a remedy for violation of their contractual rights. *See Gary Jet Ctr., Inc. v. AFCO AVports, Mgmt., LLC,* 863 F.3d 718, 722 (7th Cir. 2017).

8

Attorneys for Defendants
*William Weatherford*
*Michael E. Griffin*
*Sandra Callahan*
*Michael Carrere*
*N. Rogan Donelly*
*Cesar Emeraldi*
*Oscar Horton*
*Jenifer Jasinski Schneider*
*Lauran Monbarren*
*Shilen Patel*
*Frederick Piccolo*
*Melissa Seixas, in their official capacities as members of the University of South Florida Board of Trustees*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 20, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Faith E. Gay
Yelena Konanova (*Pro Hac Forthcoming*)
Max H. Siegel (*Pro Hac Forthcoming*)
Nancy A. Fairbank (*Pro Hac Forthcoming*)
Selenday Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104
fgay@selendygay.com
lkonannova@selendygay.com
msiegel@selendygay.com
esnow@selendygay.com
nfairbank@selendygay.com

Mark H. Richard
Phillips, Richard & Rind, P.A.
9360 S.W. 72nd Street, Suite 283
Miami, FL 33173
mrichard@phillipsrichard.com

Kimberly C. Menchion
Florida Education Association
213 South Adams Street
Tallahassee, FL 32301
kimberly.menchion@floridaea.org

Daniel J. McNeil (*Pro Hac Forthcoming*)
American Federation Of Teachers
555 New Jersey Avenue, N.W.
Washington, D.C. 20001
dmcnei@aft.org

9

ACTIVE 690359807v1

Philip A. Hostak (*Pro Hac Forthcoming*)
National Education Association
1201 16th Street N.W.
Washington, D.C.  20036
phostak@nea.org

Martin F Powell
Meyer, Blohm And Powell, P.A.
403 East Park Avenue
Post Office Box 1547 (32302)
Tallahassee, FL  32301
mpowell@meyerblohmlaw.com

                                            /s/ Richard C. McCrea, Jr.
                                                      Attorney

ACTIVE 690359807v1